UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. DAUBERT, | CASE NO.   1:10-cv-1587-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE AS DUPLICATIVE |
| v. | |
| CITY OF LINDSAY, | (ECF No. 1) |
| Defendant. | THE CLERK SHALL CLOSE THE CASE |

## **SCREENING ORDER**

Plaintiff Timothy S. Daubert proceeds pro se in this action initiated on September 1, 2010. (ECF No. 1.)  Plaintiff has filed a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 3.)

**I.    SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681

1  (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are
2  accepted as true, legal conclusion are not.  <u>Iqbal</u>, 129 S.Ct. at 1949.

3  **II.    PLAINTIFF'S COMPLAINT**

4         Plaintiff is a disability advocate living in Lindsay, California.  Plaintiff's Complaint in the
5  instant action alleges that he experienced pain in his spine when, during a trip to the post office on
6  August 2, 2010,  his vehicle passed over dips built into the road  to slow traffic.   Plaintiff alleges
7  that all of the dips in the road in the city cause him the same pain.  Plaintiff seeks "immediate
8  Injunctive Relief" in this "Personal Injury complaint."  (ECF No. 1.)

9         The Court notes that Plaintiff already has an ongoing case against the City of Lindsay arising
10 out of the same set of facts.  The complaint filed by Plaintiff in <u>Daubert v. City of Lindsay</u>, 1:10-cv-
11 1431-OWW-DLB, alleges that he "felt sharp pains in his spine" when he encountered dips in the
12 road during a trip to the post office on August 2, 2010.  In that case, he alleges that the dips in the
13 road violate his civil rights, the Americans With Disabilities Act, and the Rehabilitation Act, and he
14 seeks injunctive relief and monetary damages.

15        A plaintiff is required to "bring at one time all of the claims against a party or privies relating
16 to the same transaction or event."  <u>Adams v. California Dept. of Health Servs.</u>, 487 F.3d 684, 692-93
17 (9th Cir. 2007).  Because the Complaint in the instant action is filed against the same party and arises
18 out of the same event as the previously-filed complaint in 1:10-cv-1431-OWW-DLB, the instant
19 Complaint should be dismissed as duplicative.  <u>Id.</u> at 693 ("Dismissal of the duplicative lawsuit,
20 more so than issuance of a stay or the enjoinment of proceedings, promotes judicial economy and
21 the comprehensive disposition of litigation.") In these circumstances, it is within the Court's
22 discretion to dismiss with or without prejudice, to consolidate the two actions, or to stay or enjoin
23 the proceedings.  <u>Id.</u> at 692.  The Ninth Circuit notes that dismissal with prejudice prevents a
24 plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could
25 have been resolved in one action."  <u>Id.</u> at 694 (internal quotation omitted).
26 ////
27 ////
28 ////

**III.     CONCLUSION AND ORDER**

Accordingly, Plaintiff's Complaint is DISMISSED with prejudice. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:     **November 4, 2010**              /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE